┌─────────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 17, 2019[*]
Decided May 24, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-3257

| | |
|---|---|
| PARVINDER SINGH, | Petition for Review of Orders from the |
| *Petitioner,* | Board of Immigration Appeals. |
| | |
| *v.* | No. A 202-010-180 |
| | |
| WILLIAM P. BARR, | |
| Attorney General of the United States, | |
| *Respondent.* | |

## O R D E R

Parvinder Singh, a 29-year-old citizen of India, applied for asylum, withholding of removal, and protection under the Convention Against Torture because he fears harm based on political affiliation if returned to India. An immigration judge denied his applications, finding that Singh has not shown that the harm he experienced rose to the level of persecution, that a nexus existed between the harm and his political opinion, or that he would be unable to relocate safely within India. The Board of Immigration

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Appeals upheld that ruling. Because substantial evidence supports the agency's decisions, we deny the petition.

Singh, a Sikh from the northwestern state of Punjab, belonged to a splinter faction of the Shiromani Akali Dal, a prominent and longstanding Sikh political party in India. The party's primary faction, led by a man named Prakash Singh Badal, is the dominant political power in Punjab. (Badal was appointed Chief Minister of Punjab in 1997.) Singh worked for a splinter faction called Shiromani Akali Dal (Amritsar)—also known as the Mann faction—named after Simranjit Singh Mann, who advocated for the establishment of a Sikh homeland. Because they advocate for an independent Sikh state and criticize the treatment of Sikhs by Indian authorities, Mann faction members have faced harassment from both the Badal faction and the police.

In Singh's asylum application and in his testimony before an immigration judge, he described three incidents of past harm. First, in November 2011, he suffered "very minor injuries" when he and a few other members of the Mann faction were hit with batons by police while disrupting a political rally at the Golden Temple, a holy shrine for Sikhs in the city of Amritsar. Second, in February 2012, he and other members of the Mann faction were chased by a small group of Badal adherents while putting up posters for a political rally in a nearby Punjabi city. Finally, in June 2014, after unsuccessfully attempting to flee to the United States, he was attacked at a political rally at the Golden Temple by unidentifiable people wielding wooden sticks. Singh was arrested, detained in a cell for four to seven hours, and suffered "minor injuries" for which he received treatment at a hospital. He then relocated safely within India, leaving Amritsar for another village in Punjab, where he hid for a month.

After this last attack, Singh decided to leave India. He traveled through Central America and Mexico and, in late 2014, entered the United States at San Luis, Arizona, where he was detained by border security guards. Two weeks later, the Department of Homeland Security initiated removal proceedings. After conceding his removability, Singh applied for asylum, *see* 8 U.S.C. § 1158(b)(1)(A), and withholding of removal, *see* 8 U.S.C. § 1231(b)(3)(A), 8 C.F.R. § 1208.16(c), based on the harm he fears in India by members of opposition political parties. He also sought protection under the Convention against Torture. *See* 8 C.F.R. § 1208.18.

The IJ denied all forms of relief. As an initial matter, the IJ found Singh's testimony insufficiently credible to satisfy his burden of proof under the REAL ID Act, I.N.A. § 208(b)(1)(B), because it was vague, and, more importantly, omitted key details about the November 2011 incident to which Singh had attested to in his affidavit.

*See* I.N.A. § 208(b)(1)(B). Turning to Singh's claim of past persecution, the IJ found that Singh's incidents of alleged harm—considered either alone or cumulatively—did not rise to the level of persecution. And even if the June 2014 beating did rise to that level, she added, Singh had not shown the requisite nexus between the harm he allegedly experienced and his political opinion: he testified only that unidentified people beat him with wooden sticks and that the police who arrested him did not refer to his political affiliation or indicate an aversion to it. As for his claim of fearing future persecution, the IJ found his fear objectively unreasonable because he had not shown that he would be singled out for persecution, given his minor injuries and the "isolated and unrelated" nature of the alleged incidents. Further, Singh already had twice relocated safely within India and because of his low political profile and his partial university education, it was reasonable to expect him to do so again. The IJ lastly denied Singh's application for withholding of removal (because he could not meet the higher "clear probability" standard of persecution) as well as his application for CAT protection (because he had not previously faced torture and would be able to relocate to avoid any harm that he fears).

The Board of Immigration Appeals accepted the IJ's reasoning and dismissed Singh's appeal.

In his petition for review, Singh first contends that the BIA erred in upholding the IJ's adverse credibility finding because his inability to recall the exact dates when the incidents of past harm occurred was "easily explained" by his nervous state as the IJ herself acknowledged. But even if we assume Singh's testimony to be credible, the record does not compel the conclusion that his physical mistreatment amounts to persecution. During the February 2012 incident, while hanging posters, he did not suffer physical mistreatment—he was only chased by a small band of Badal adherents. And in the June 2014 incident, he suffered injuries that even he described as "minor"— abrasions to his body and a bump on his head—before being detained by the police for several hours. These injuries, as the IJ appropriately determined, do not rise to the level of persecution. *See, e.g., Dandan v. Ashcroft*, 339 F.3d 567, 573–74 (7th Cir. 2008) (three-day detention without food and beatings that caused facial swelling is not necessarily

persecution); *Bejko v. Gonzales*, 468 F.3d 482, 484 (7th Cir. 2006) (detention in police cell for two weeks under "primitive conditions" not persecution).[1]

Singh also challenges the IJ's finding that he could not show a well-founded fear of future persecution, arguing that the IJ wrongly relied on "general" U.S. State Department country reports rather than concrete and case-specific evidence. See, e.g., *Banks v. Gonzales*, 453 F.3d 449, 453 (7th Cir. 2006). But Singh's argument misses the larger point: even if the State Department country reports "reveal which groups are at greatest risk, but not how much risk and not how the country's forces operate day-to-day," *id.*, his fear of future persecution cannot be well-founded because, as the IJ explained, he had safely and reasonably relocated within India twice before. *See* 8 C.F.R. § 1208.16(b)(3)(i); *Mema v. Gonzales*, 474 F.3d 412, 419 (7th Cir. 2007). To the extent he believes that his Sikh garb and spoken language would make it difficult to relocate, he does not explain how—in the aftermath of the 2014 attack—he was able to relocate to two different villages (one in Punjab) without experiencing harm.

For these reasons, the petition for review is DENIED.

---

[1] In light of Singh's failure to establish persecution, we need not reach Singh general challenge to the IJ's conclusion that he cannot show any nexus between the harm he suffered in June 2014 and his political opinion.